**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| ROBERT WITT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No.: 6:07-cv-00163-WSS |
| | § | |
| DAVOL INC., and C.R. BARD, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S MOTION TO DISMISS COUNT VIII AND COUNT IX OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Davol Inc. and Defendant C.R. Bard, Inc. (collectively, "Defendants") request that this Court dismiss Count VIII ("Constructive Fraud") and Count IX ("Misrepresentation by Omission") of Plaintiff's Complaint. Each claim is premised upon the allegation that Defendants fraudulently concealed from or misrepresented to Plaintiff material information concerning the Composix® Kugel® Patch, an FDA-approved medical device used in conjunction with Plaintiff's hernia repair. However, each of these claims fails for lack of any independent duty on the part of Defendants to disclose information to Plaintiff. In addition, these fraud-based claims are not pled with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. For these two reasons, Count VIII and Count IX of Plaintiff's Complaint should be dismissed.

**ARGUMENT & AUTHORITIES**

In this medical device product liability case, Plaintiff claims that Defendant Davol Inc.'s and Defendant C. R. Bard, Inc.'s Composix® Kugel® Hernia Patch, an FDA-approved sterile

polypropylene mesh prosthesis designed for use in all forms of hernia repair, was defective. (*See* Compl. ¶¶ 25-28.) Plaintiff further alleges that his receipt and use of the defective Composix® Kugel® Patch caused him to suffer various injuries subsequent to his July 10, 2005, ventral hernia repair surgery. (*See id.* ¶¶ 9-22.) Count VIII and Count IX within Plaintiff's Complaint lack factual and/or legal basis and should therefore be dismissed pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure.

## I. A Rule 12(b)(6) Motion Should Be Granted Where The Facts And Allegations Laid Out in Plaintiff's Complaint Provide No Basis For Recovery.

In short, "[t]he court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). Although courts often remark that a Rule 12(b)(6) motion should be denied unless it is shown that the plaintiff can prove no set of facts in support of the claims alleged, this misconstrues the true standard. For, if one were to accept this characterization of the Rule 12(b)(6) standard, "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). Of course, Rule 12(b)(6) requires more. Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations omitted). Applying this proper standard, Plaintiff's claims fail for the following reasons.

## II. Plaintiff's "Constructive Fraud" And "Misrepresentation By Omission" Claims Are In Essence Fraud Claims, And Each Claim Fails As A Matter Of Law And Should Be Dismissed.

Count VIII and Count IX of Plaintiff's Complaint state claims for "Constructive Fraud" and "Misrepresentation by Omission," respectively. Each claim is based upon the allegation that Defendants fraudulently concealed and/or misrepresented certain information from Plaintiff and/or his treating physicians. (*See* Compl. ¶ 87 (alleging that "Defendants suppressed . . . information" concerning alleged design and/or manufacturing defects associated with Composix® Kugel® Patch); *id.* ¶ 89 (alleging that "Defendants misrepresentations and omissions were made intentionally"); *id.* ¶¶ 92-94 (alleging that Defendants failed to "disclos[e] material information," and "concealed these design and/or manufacturing defects from the public").) Thus, regardless of the title given them, Plaintiff's "Constructive Fraud" and "Misrepresentation by Omission" claims are, in essence, claims for fraud. And, once properly classified, it becomes clear that Plaintiff's fraud-based claims lack all legal and factual foundation and should be dismissed.

### A. Plaintiff's Fraudulent Concealment Claims Fail For Lack Of An Independent Duty To Disclose.

Under Texas law, "a failure to disclose information does not constitute fraud unless there is a duty to disclose the information." *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001). Whether a duty exists in the first instance is a question of law for the Court. *Id.* With claims of fraudulent concealment, the Texas Supreme Court has said that a duty to disclose arises only where the parties share a confidential or fiduciary relationship. *See Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998) ("Generally, no duty of disclosure arises without evidence of a confidential or fiduciary relationship."); *see also Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 151 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (noting that "[a] duty to disclose arises only

out of a confidential or fiduciary relationship," and holding that such a duty does not arise between an employer and employee).

Here, Plaintiff has not pled that Defendants owed him any duty to disclose by virtue of some confidential or fiduciary relationship. Nor could he. As evidenced by the facts stated in Plaintiff's Complaint, Defendants had no direct contact, no communication, and absolutely no confidential or fiduciary relationship with Plaintiff. As a matter of Texas law, no duty could arise by virtue of the relationship – or, more precisely, the lack thereof – between Plaintiff and Defendants. Indeed, other courts in similar circumstances have held that "the mere silence or non-disclosure of material facts by a manufacturer does not support a finding of fraudulent concealment brought by the ultimate consumer." *Ruth v. A.O. Smith Corp.*, No. 1:04-CV-18912, 2005 WL 2978694, at *5 (N.D. Ohio Oct. 11, 2005) (applying Mississippi law and quoting *Harris v. Brush Engineered Materials, Inc.*, unpublished slip op. (S.D. Miss. Feb. 18, 2005)). The same result obtains here, and Plaintiff's fraudulent concealment claims should be dismissed.

**B. Plaintiff's Fraudulent Misrepresentation Claims Are Not Based Upon Any Statements Directed Toward Plaintiff, And For This Reason They Fail As A Matter Of Law And Should Be Dismissed.**

To the extent that Plaintiff's fraud claims are based upon alleged misrepresentations found in the product labeling or instructions that accompanies the medical devices at issue here,[1] any such statements – assuming Plaintiff detrimentally relied upon them – cannot form the basis for Plaintiff's fraud allegations. Otherwise, every product-liability failure-to-warn claim would automatically give rise to a fraud claim, and this is not the rule. *See, e.g.*, *Ruth v. A.O. Smith Corp.*, 2005 WL 2978694, at *5 ("Even accepting as true (for the purpose of argument only) that the warnings on the products that [the plaintiff] used misrepresented the safety of [the product],

[1] Due the vagueness of Plaintiffs' fraud allegations, the basis for those allegations is unclear. *See* Section III, *infra*.

to adopt [the plaintiff's] argument would be to hold that every failure to warn claim was also a fraud claim. . . . The affirmative misrepresentations upon which a claim for fraud must be premised cannot include only the very warnings that support a product liability claim for failure to warn."). At best, Plaintiff's vague fraud claims are subsumed and therefore precluded by either the negligence claims pled in Count I, the strict product liability claims pled in Count III, and/or the "Failure to Warn" claims pled in Count VII of his Complaint. (*Compare*, *e.g.*, Compl. ¶ 34 (alleging, in conjunction with negligence claims, that Defendants "willfully and deliberately" "*failed to disclose* the known or knowable risks associated with the Composix® Kugel® Patch" (emphasis added)), *with id.* ¶ 87 (alleging, in conjunction with fraud claims, that Defendants "presented [the product] as mechanically sound and *failed to warn* of its inherent design and/or manufacturing defects" (emphasis added)). For this reason, and for the other reasons set out above, Plaintiff's fraud claims should be dismissed.

## III. Plaintiff's Fraud-Based Claims Are Not Pled With Particularity As Required By Rule 9(b) Of The Federal Rules Of Civil Procedure, And Should Be Dismissed.

Rule 9(b) of the Federal Rules of Civil Procedure mandates that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Rule 9(b) is designed to "preclude litigants from filing baseless complaints and then attempting to discover unknown wrongs." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993). Therefore, a plaintiff pleading a claim based in fraud[2] must set forth the "who, what, when, and where . . .

[2] Rule 9(b)'s particularity requirements apply to all allegations that sound in fraud. In other words, "Rule 9(b) looks beyond how the plaintiff phrases his or her complaint, and applies 'to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud.'" *Hernandez v. Ciba-Geigy Corp.* 200 F.R.D. 285, 291 (S.D. Tex. 2001) (citing *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998)). *See also Williams*, 112 F.3d at 177 (applying Rule 9(b) to negligent misrepresentation claim based on allegations of fraud); *Askanase v. Fatjo*, 130 F.3d 657, 676 (5th Cir. 1997) (applying Rule 9(b) to fraud based conspiracy claim); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 741-43 (S.D. Tex. 1998) (applying Rule 9(b) to claims "based on fraud" including negligent misrepresentation and fraudulent concealment). Accordingly, Plaintiff's

*before* access to the discovery process is granted." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000) (citing *Williams v. WMX Technologies, Inc.*, 112 F. 3d 175, 178 (5th Cir.), *cert. denied*, 522 U.S. 966 (1997)) (emphasis added). At a minimum, pleading the "who, what, when, and where" with particularity pursuant to Rule 9(b) requires that Plaintiff specifically allege the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Williams*, 112 F.3d at 177 (citing *Tuchman v. DSC Communicators Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)); *see also id.* (holding that Rule 9(b) requires a that plaintiff "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent"); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1998). When a complaint fails to meet Rule 9(b)'s pleading requirements, courts are required to "apply the rule with force, without apology" and dismiss the complaint. *Williams*, 112 F.3d at 178.

Even if the Court were to find some legal basis for Plaintiff's fraud-based claims, the factual basis for those claims remains shrouded behind Plaintiff's vague and conclusory allegations, thus requiring dismissal of the claims under Rule 9(b). Plaintiff's fraud allegations consist almost entirely of the claim that Plaintiff and possibly other patients and doctors relied upon Defendants' "advertisement[s], promotional materials, and other communications," which misrepresented or omitted some type of information concerning the Composix® Kugel® Patch. (*See* Compl. ¶ 88.) Assuming, *in arguendo*, that these allegations have some basis in fact, Plaintiff's allegations fail to detail that basis, for the allegations do not "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were

---

Complaint must meet the requirements of Rule 9(b) not only with respect to those claims expressly labeled fraud, but for all other claims based upon allegations of fraudulent conduct.

made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177. Plaintiff's failure to plead his fraud claims with the particularity required by Rule 9(b) is telling. These details should be in Plaintiff's sole possession, yet he has not provided them because, in reality, there is no factual basis for Plaintiff's fraud claims. Ultimately, Plaintiff's demonstrated inability to plead his fraud claims with the particularity demanded by Rule 9(b) dictates that those claims should be dismissed at this time.

## CONCLUSION

For the foregoing reasons, Defendant Davol Inc. and Defendant C. R. Bard, Inc. respectfully request that the Court grant its motion and dismiss Count VIII and Count IX of Plaintiff's Complaint.

Dated: July 16, 2007

Respectfully submitted,

HARRISON, BETTIS, STAFF, MCFARLAND & WEEMS, L.L.P

D. Mitchell McFarland
Attorney-In-Charge
State Bar No. 13597700
One Allen Center
500 Dallas, Suite 2600
Houston, Texas 77002
Phone: (713) 843-1900
Fax: (713) 843-1901
mcfarland@hbs-law.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

Case 6:07-cv-00163-WSS Document 8 Filed 07/16/2007 Page 8 of 8

OF COUNSEL:
Kirby T. Griffis
Dana A. Gausepohl
Michael L. Junk
SPRIGGS & HOLLINGSWORTH
1350 I Street NW
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 862-1639

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2007, a true and correct copy of the foregoing DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S MOTION TO DISMISS COUNT VIII AND COUNT IX OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT was electronically filed with the Clerk of Court using the CM/ECF system and served upon the following counsel in the manner provided below:

Terry Bryant, Esq.
TERRY BRYANT, LLP
West Memorial Office Park
8584 Katy Freeway, Suite 100
Houston, TX 77024
(*electronic notice*)

Jon C. Conlin
Ernest Cory
Craig P. Niedenthal
Stephen R. Hunt, Jr.
Cory Watson Crowder & DeGaris
2131 Magnolia Avenue
Birmingham, AL 35209
(*certified mail*)

D. Mitchell McFarland